[Crim. No. 733.   In Bank. — June 26, 1901.]

## THE PEOPLE, Respondent, v. PEDRO CALLEGO, Appellant.

CRIMINAL LAW — HOMICIDE — MURDER OF CHILD — CORPUS DELICTI — GUILT OF DEFENDANT NOT PROVED. — There is a failure of proof, which cannot justify a conviction for the murder of a child by the defendant, where there is no satisfactory proof that the child was dead, or was killed, or that the defendant killed it.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

William Graves, and Louis Lamy, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

TEMPLE, J. — The defendant was convicted of murder in the second degree, and appeals from the judgment and from an order refusing a new trial. The only question of importance is, whether there was sufficient evidence to warrant the verdict. It is the old case where it is contended that the *corpus delicti* was not satisfactorily shown. It is a charge of child-

murder, and it is contended that there was no proof,—1. That the child is dead; 2. If dead, that it was killed; and 3. That if it was killed, it was not shown that the defendant killed it.

I think all these contentions are well grounded, and especially the last. The child was born alive, and soon after was taken by the defendant, who was its father, under circumstances which indicated at least an intention that the mother, who was unmarried, should not have it. It appears that he put the child in a grain-sack and hung it in a tree so near the house that its cries could be heard in the cabin where the mother was, and were heard at times for three days and nights, and it was alive on the morning of the fourth day, when the defendant's wife took it away. Since that time it has never been seen. Defendant lived about a mile and one half from the cabin in which the child was born, and the only proof of death was that the defendant's wife carried it in a closely tied package attached to her saddle. This is hardly sufficient, but if it were, the presumption is that the child was alive when she took it. The defendant left the place where the child was born, a few minutes after the child was taken by him, and it does not appear that he was on the premises afterwards. He was not living with the mother of the child, but a brother and sister of the mother were there. He may have hung it in a tree with the intent that it should die of starvation, although if that was his purpose, it was a strange thing to do, since the mother and all in the house could hear its cries. But however that may be, there is no evidence which tends to prove that it did die of starvation, or without other cause.

The judgment is reversed and a new trial ordered.

McFarland, J., Garoutte, J., and Van Dyke, J., concurred.